FILED
MAY - 9 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re | ) | Case No. 04-30265-D-13L |
| | ) | Docket Control No. CRR-4 |
| THOMAS MAXIMO, | ) | |
| | ) | |
| Debtor. | ) | DATE: May 8, 2007 |
| | ) | TIME: 1:00 p.m. |
| | ) | DEPT: D (Courtroom 34) |

**MEMORANDUM DECISION ON MOTION FOR ADDITIONAL ATTORNEYS FEES AND EXPENSES**

Thomas Maximo ("Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on October 13, 2004. Christopher Roman Rector ("Counsel") has continuously acted as Debtor's attorney and this is Counsel's first fee motion. Through this fee motion (the "Motion"), Counsel seeks approval of $1,331.50 in fees and $116.35 in costs.[1] Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401

---

[1] Counsel has already received $4,000 in fees approved by order confirming Debtors' Chapter 13 Plan.

101

(9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

  The court finds that Counsel's hourly rates are reasonable and the court does not have an issue with the quality of Counsel's services. The court does have concern regarding certain services that were charged as "review" of work performed. The time sheets in support of the Motion also show a number of instances where letters were prepared by an attorney or other employee and billed to the client. These letters were then reviewed by another attorney, which time was then again billed to the client. The time sheets show the following:

  1. On October 15, 2004 CRR billed .2 hours ($40.00) for "Review of letter to client."

  2. On October 27, 2004 CRR billed .1 hours ($20.00) for "Review of letter to client."

  3. On November 2, 2004 CRR billed .1 hours ($20.00) for "Review of letter to client."

  4. On November 8, 2004 CRR billed .1 hours ($20.00) for "Review of letter to client."

  5. On February 16, 2005 CRR billed .1 hours ($20.00) for "Review of letter to counsel."

  6. On May 17, 2005 CRR billed .1 hours ($20.00) for "Review of letter to creditor."

7. On June 24, 2005 CRR billed .1 hours ($20.00) for "Review of letter to client."

8. On August 31, 2005 CRR billed .1 hours ($20.00) for "Review of letter to client."

9. On September 27, 2005 CRR billed .1 hours ($20.00) for "Review of letter to client."

10. On December 22, 2005 CRR billed .1 hours ($20.00) for "Review of letter to client."

11. On January 18, 2006 CRR billed .1 hours ($20.00) for "Review of letter to counsel."

12. On April 17, 2006 CRR billed .1 hours ($20.00) for "Review of letter to client."

13. On June 22, 2006 CRR billed .1 hours ($20.00) for "Review of letter to client."

14. On August 16, 2006 CJ billed .1 hours ($17.50) for "Review of letter to client."

15. On September 5, 2006 CJ billed .2 hours ($35.00) for "Review of letter & paperwork."

16. On December 22, 2006 CJ billed .1 hours ($17.50) for "Review of letter to client."

The court finds that the above-listed time entries are duplicative and excessive and therefore, non-compensable. Accordingly, the court will reduce the fees requested in the Motion by $350.00.

In light of the above deductions, Counsel's request for fees of $1,331.50 will be reduced by $350.00 and the court will allow fees of $981.50 and costs of $116.35 for a total of $1,097.85.

/ / /

A separate order will be entered consistent with this memorandum decision.

Dated: MAY - 9 2007

Robert S. Bardwil
United States Bankruptcy Judge

**Certificate of Service**

I certify that on MAY - 9 2007 a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Christopher Roman Rector
25 Cadillac Dr., #200
Sacramento, CA 95825

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: [signature]
Deputy Clerk